**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ATIBA MAYFIELD,                          )
                                         )
      Plaintiff,                        )
                                         )
v.                                       )    Civil Action No. 26-28-CFC-SRF
                                         )
SERGEANT KENDRAKE EVANS, *et al.*,       )
                                         )
      Defendants.                       )

**REPORT AND RECOMMENDATION**

Plaintiff Atiba Mayfield ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this action on January 12, 2026, alleging violations of his constitutional rights under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons set forth below, I recommend that the court DISMISS the claims against JTVCC WITH PREJUDICE, allow Plaintiff's claim for retaliation under the First Amendment to proceed, and DISMISS the remaining claims against Evans WITHOUT PREJUDICE.

**I.      BACKGROUND**

Plaintiff brings this civil rights action against Sergeant Kendrake Evans and JTVCC pursuant to 42 U.S.C. § 1983, alleging that Defendants placed a substantial burden on his ability to practice his religious faith in violation of the First and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. (D.I. 2) According to the complaint, Plaintiff was suspended from his employment as a main kitchen worker at JTVCC because he attended a religious service on

January 9, 2026. (*Id.*) Plaintiff was also threatened with termination of his employment and placement in the maximum-security Security Housing Unit ("SHU").[1] (*Id.* at 2)

Plaintiff alleges that Defendants' conduct has had a chilling effect on his exercise of religious freedom, causing him to suffer emotional distress, loss of employment, and loss of religious practice. Plaintiff seeks compensatory damages, declaratory and injunctive relief, back pay, and reinstatement of his employment, as well as reimbursement of fees and costs. (*Id.* at 4)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails

---

[1] The Security Housing Unit ("SHU") houses those inmates who have demonstrated that they cannot be housed in a lesser security and/or whose behavior and history are conducive to maximum security housing. *See* https://doc.delaware.gov/views/jtvcc.blade.shtml.

to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

### A.  Claims against JTVCC

Plaintiff asserts a cause of action for municipal and supervisory liability against JTVCC under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), alleging that JTVCC maintained a custom or practice of permitting religious discrimination and failed to train or supervise its staff regarding religious rights.  (D.I. 2 at 3-4)  However, "JTVCC is not a municipality.  It falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware." *Howard v. Coupe*, C.A. No. 17-1548-RGA, 2019 WL 3017120, at *5 (D. Del. July 10, 2019).

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from suits brought in federal court by one of its own citizens, regardless of the relief sought.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).  Thus, I recommend that the court dismiss the claims against JTVCC pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).  In addition, dismissal is proper because JTVCC is not a

4

person for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

### B. Due Process Claim

The complaint alleges that Plaintiff's due process rights were violated because he "was suspended and threatened with discipline without notice, hearing, or opportunity to contest the allegations." (D.I. 2 at 3)  However, the complaint does not plausibly identify a constitutionally protected liberty or property interest in Plaintiff's job assignment or his place of confinement. Traditionally, prisoners do not have a constitutional liberty or property interest in a prison job assignment or a particular place of confinement. *See Meachum v. Fano*, 427 U.S. 215, 228-29 (1976); *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989).

Moreover, the complaint's factual allegations contradict Plaintiff's conclusory legal averments. *See Johnson v. Cordner*, C.A. No. 22-175-CFC, 2022 WL 2438665, at *2 (D. Del. July 5, 2022) (dismissing the plaintiff's Fourteenth Amendment due process claim as conclusory and holding that amendment would be futile); *Rogowitz v. Mallard Lake Community Ass'n, Inc.*, C.A. No. 21-1776-RGA, 2022 WL 1462812, at *2 (D. Del. May 9, 2022) (same).  Although Plaintiff's due process allegations rest on a purported lack of notice, Plaintiff claims that "[o]n multiple occasions, Defendant Sergeant Kendrake Evans informed Plaintiff that attending a religious service would result in termination, a write-up, and placement in maximum security (SHU)." (D.I. 2 at 2)

### C. Equal Protection Claim

The complaint alleges that Defendants' conduct violated Plaintiff's equal protection rights under the Fourteenth Amendment because Plaintiff was treated differently based on his religious beliefs. (D.I. 2 at 3)  To state an equal protection claim, Plaintiff must allege that "(1)

5

the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). The complaint alleges that "Defendant Evans acted intentionally and retaliatorily, targeting Plaintiff's religious practice" and "Plaintiff was treated differently from similarly situated inmates not involving religious observance." (D.I. 2 at 2) These conclusory allegations, unaccompanied by supporting facts, do not provide a basis to show that Defendants violated Plaintiff's right to equal protection. *See Tindell v. Beard*, 351 F. App'x 591 (3d Cir. 2009). Thus, the complaint fails to state a claim for violations of Plaintiff's equal protection rights under the Fourteenth Amendment.

## D. First Amendment Free Exercise of Religion and RLUIPA

Under RLUIPA, a plaintiff must plead facts indicating that his own sincerely held religious beliefs were infringed. *Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015). RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution." 42 U.S.C. § 2000cc-1. Similarly, a plaintiff alleging a cause of action for a violation of the First Amendment's free exercise clause must plead that he has a sincerely held religious belief, and the challenged prison practice or policy is not reasonably related to penological interests.[2] *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). The instant complaint does not identify Plaintiff's religion or the scope of his religious practices.

---

[2] Instead of identifying a prison practice or policy that substantially burdened Plaintiff's practice of his religion, Plaintiff alleges that Evans "violated DOC policy" by targeting Plaintiff's religious practice. (D.I. 2 at 2) To the extent that Plaintiff alleges Evans did not follow prison policy, it is well-established that a violation of prison policy does not provide a basis for liability under 42 U.S.C. § 1983. *See Howard v. Coupe*, C.A. No. 17-1548-RGA, 2019 WL 3017120, at *6 (D. Del. July 10, 2019), *aff'd*, 2023 WL 2207592 (3d Cir. Feb. 24, 2023) ("[T]he DOC and JTVCC policies and procedures, as well as Delaware statutes, are neither provisions in the United States Constitution nor federal law.").

6

Plaintiff alleges in conclusory fashion that he was suspended from his prison job and placed in the SHU because he attended an unspecified religious service on one occasion, but these conclusory averments do not plausibly amount to a "substantial burden" on Plaintiff's exercise of his religion in the absence of supporting factual allegations. *Washington v. Klem*, 497 F.3d 272, 278 (3d Cir. 2007); *see also Sutton v. Rasheed*, 323 F.3d 236, 250 (3d Cir. 2003). Therefore, I recommend that the court dismiss without prejudice Plaintiff's First Amendment free exercise and RLUIPA claims.

### E. First Amendment Retaliation

The complaint also alleges that Defendants suspended Plaintiff from his prison job, threatened to terminate him, and transferred him to the SHU in retaliation for his religious exercise in violation of the First Amendment. (D.I. 2 at 2) A prisoner alleging retaliation must show: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor" in the officials' decisions. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001)). To state a claim for retaliation, a prisoner need not prove the existence of an independent liberty interest in the privileges that were denied because "[r]etaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under [Section] 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990).

The complaint alleges that Plaintiff engaged in constitutionally protected conduct when he attended a religious service, and he suffered an adverse action when he was suspended from his job and transferred to the SHU. *See Watson*, 834 F.3d at 423 (explaining that a disadvantageous change in housing assignment satisfies the adverse action prong). Plaintiff also

7

establishes a causal connection between his constitutionally protected conduct and the adverse action. The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory conduct, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). The complaint alleges that Plaintiff attended a religious service on January 9, 2026 and was subsequently suspended from his job and transferred to the SHU. (D.I. 2 at 2) It is plausible to infer that Plaintiff's suspension and transfer occurred within days of his protected activity because he filed the complaint on January 12, 2026. (*Id.*) Therefore, I recommend that the court permit Plaintiff to proceed against Evans for First Amendment retaliation.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.    The Report and Recommendation issued on April __, 2026 is **ADOPTED**.

2.    Plaintiff's claims against defendant JTVCC are **DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

3.    With the exception of the First Amendment retaliation claim raised against defendant Evans, Plaintiff's claims against Evans are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

8

4.      Plaintiff is granted leave until on or before _____, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 27, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

9